**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ROOFERS' PENSION FUND;<br>ROOFERS' UNIONS WELFARE TRUST FUND;<br>CHICAGOLAND ROOFERS' APPRENTICESHIP<br>AND TRAINING FUND;<br>ROOFERS' RESERVE FUND;<br>ROOFING INDUSTRY ADVANCEMENT AND<br>RESEARCH FUND;<br>ROOFERS' LOCAL 11 PROMOTIONAL AND<br>ORGANIZATIONAL FUND;<br>NATIONAL ROOFING INDUSTRY PENSION<br>PLAN; and<br>UNITED UNION OF ROOFERS,<br>WATERPROOFERS AND ALLIED WORKERS<br>LOCAL NO. 11,<br><br>         Plaintiffs,<br><br>vs.<br><br>ANTHONY ROOFING TECTA AMERICA, LLC, an<br>Illinois limited liability company,<br><br>         Defendant. | NO. 18-CV-7583<br><br>JUDGE:<br><br>MAGISTRATE JUDGE: |

**COMPLAINT**

NOW COME the Plaintiffs, the ROOFERS' PENSION FUND *et al*., by and through their attorneys, JOHNSON & KROL, LLC, and complain of the Defendant ANTHONY ROOFING TECTA AMERICA, LLC ("ANTHONY ROOFING") as follows:

**JURISDICTION AND VENUE**

1. This action arises under Section 502 and 515 of the Employee Retirement Income Security Act (hereinafter referred to as "ERISA") and Section 301 of the Labor-Management Relations Act, 29 U.S.C. §§§ 1132, 1145, and 185 (2012). The Court has jurisdiction over the subject matter of this action pursuant to 29 U.S.C. § 1132(e)(1) and 28 U.S.C. § 1331.

2. Venue is proper in this Court pursuant to 29 U.S.C. § 1132(e)(2) in that the ROOFERS' PENSION FUND, the ROOFERS' UNIONS WELFARE TRUST FUND, the CHICAGOLAND ROOFERS' APPRENTICESHIP AND TRAINING FUND, the ROOFERS' RESERVE FUND, and the NATIONAL ROOFING INDUSTRY PENSION PLAN (collectively "Trust Funds") are administered at 2340 S. River Road, Suite 305, Des Plaines, IL 60018 and pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the Plaintiffs' claims occurred in the Northern District of Illinois, Eastern Division.

**PARTIES**

3. The Trust Funds receive contributions from numerous employers pursuant to the Standard Working Agreement ("SWA") negotiated between the UNITED UNION OF ROOFERS, WATERPROOFERS, AND ALLIED WORKERS LOCAL NO. 11 ("Local 11") and the Labor Relations Group of the Chicago Roofing Contractors Association, Inc. ("CRCA"), and therefore are multi-employer plans under 29 U.S.C. § 1002.

4. ROOFERS' LOCAL 11 PROMOTIONAL AND ORGANIZATIONAL FUND ("Promotional Fund") is a labor management cooperation committee that is administered in Westchester, Illinois.

5. ROOFING INDUSTRY ADVANCEMENT AND RESEARCH FUND ("Industry Fund") is an industry improvement fund administered in Hillside, Illinois.

6. ANTHONY ROOFING is an Illinois limited liability company with its principal place of business in Aurora, Illinois.

## COUNT I
## BREACH OF THE COLLECTIVE BARGAINING AGREEMENT

7. Plaintiffs re-allege and incorporate the allegations contained in paragraphs 1-6 of this Complaint with the same force and effect as if fully set forth herein.

8. ANTHONY ROOFING is a member of the Chicago Roofing Contractors Association, Inc. ("CRCA"), and agreed to assign its bargaining rights to the CRCA.

9. Through its membership in the CRCA and assignment, ANTHONY ROOFING agreed to be bound by the terms of the SWA. (SWA is attached as **Exhibit 1**).

10. Pursuant to the terms and conditions set forth in the SWA, ANTHONY ROOFING also became bound by the provisions of the Agreements and Declarations of Trust which created the Trust Funds (hereinafter referred to as the "Trust Agreements").

11. Pursuant to the Trust Agreements, the Trustees adopted the Employer Contribution Collection and Audit Procedures ("Collection Procedures") to administer the collection of contributions from employers.

12. The provisions of the SWA, Trust Agreements, and the Collection Procedures require ANTHONY ROOFING to make monthly reports of hours worked by bargaining unit employees and pay contributions to the Trust Funds, the Industry Fund, and the Promotional Fund for each hour worked pursuant to the SWA at the negotiated rate. The monthly reports and contributions during all relevant times were due on or before the 15th day of the calendar month following the calendar month during which the work was performed.

13. Pursuant to Section 502(g)(2) of ERISA (29 U.S.C. § 1132) and the provisions of the SWA, Trust Agreements, and Collection Procedures, employers who fail to timely submit their monthly Contribution Reports and contributions to the Trust Funds are responsible for the

payment of liquidated damages equal to 10% of the amount unpaid and interest at the prime rate as published by the Wall Street Journal plus 4 percentage points for each month that contributions remain unpaid, plus any reasonable attorney's fees and costs of maintaining suit.

14. Pursuant to the provisions of the SWA, Trust Agreements, and Collection Procedures, employers who fail to submit their monthly Contribution Reports and contributions to the Industry Fund and the Promotional Fund on a timely basis are responsible for payment of liquidated damages equal to 10% of the amount unpaid and interest at the prime rate as published by the Wall Street Journal plus 4 percentage points for each month that contributions remain unpaid, plus any reasonable attorneys' fees and costs of maintaining suit.

15. Pursuant to the terms of the SWA, employers are required to deduct $0.93 for each hour worked by its employees under the SWA from its employees' wages and remit the deduction to Local 11 on a monthly basis.

16. In order to verify an employers' compliance with the SWA, Trust Agreements, and Collection Procedures, the Trust Funds may perform a payroll compliance audit of an employer at any time.

17. The SWA and Collection Procedures provide that employers must provide any "financial records deemed necessary by the auditor to enable the auditor to render the necessary opinion."  (Collection Procedures are attached as **Exhibit 2**).

18. Further, Section 5, Article III of the Pension Fund Trust Agreement provides that:

> Each Employer shall promptly furnish to the Board, on demand, the names of its employees, their Social Security numbers, the hours worked by each employee, and such other information as the Board may reasonably require in connection with the administration of the Trust. The Board may, by its

> representatives, examine the pertinent records of each Employer at the Employer's place of business whenever such examination is deemed necessary or advisable by the Trustees in connection with the proper administration of the Trust.

(Pension Fund Trust Agreement is attached as **Exhibit 3**).

19. On or around October 2, 2018, Plaintiffs requested bank statements deemed necessary by the Plaintiffs auditor to complete the payroll compliance audit.

20. As of today's date, ANTHONY ROOFING has refused to produce the bank statements.

21. Plaintiffs have complied with all conditions precedent in bringing this lawsuit.

22. ANTHONY ROOFING is obligated to pay the reasonable attorneys' fees and court costs incurred by the Plaintiffs pursuant to the SWA, Trust Agreements, Collection Procedures, and 29 U.S.C. § 1132(g)(2)(D).

**WHEREFORE**, the Plaintiffs respectfully request the following relief:

A. That Judgment be entered in favor of the Plaintiffs and against Defendant ANTHONY ROOFING requiring ANTHONY ROOFING to produce its bank statements requested by the auditor necessary for completion of the audit;

B. That Judgment be entered in favor of Plaintiffs and against Defendant ANTHONY ROOFING for any other documents requested by Plaintiffs which Plaintiffs deem are reasonably necessary for completion of the audit and which Defendant ANTHONY ROOFING refuses to produce;

C. That Judgment be entered in favor of Plaintiffs and against Defendant ANTHONY ROOFING for any deficiencies revealed by the audit including but not limited to contributions, liquidated damages, and interest;

D.  That Judgment be awarded in favor of the Plaintiffs for the reasonable attorneys' fees expended by Plaintiffs in bringing this lawsuit pursuant to the SWA, Trust Agreements, and 29 U.S.C. § 1132(g)(2)(D).

E.  That Plaintiffs have such other and further relief as the Court may deem just and equitable all at Defendant ANTHONY ROOFING's cost pursuant to 29 U.S.C. § 1132(g)(2)(D).

Respectfully Submitted,

**ROOFERS PENSION FUND *et al.***

/s/ Matthew D. Grabell
One of Plaintiffs' Attorneys
Johnson & Krol, LLC
311 S. Wacker Dr., Suite 1050
Chicago, IL 60606
(312) 757-5469
grabell@johnsonkrol.com